## DOMESTIC SEWING MACH. CO. v. BARRY.

(Common Pleas of New York City and County, General Term.  February 6, 1893.)

ALTERATION OF INSTRUMENTS—MATERIALITY.

> The fact that a written lease of a sewing machine, with a privilege to purchase, was altered, without the knowledge of the lessor, by the insertion of the number of a new machine, which was given her in lieu of the first machine, returned by her as unsatisfactory, will not prevent such lease from controlling the rights of the parties, as such alteration merely conforms the lease to the facts, goes merely to the identity of the machine, and does not in any way change the terms of the contract.

Appeal from third district court.

Action of claim and delivery for a sewing machine by the Domestic Sewing Machine Company against Margaret Barry.  From a judgment in defendant's favor, plaintiff appeals.  Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

H. B. Kinghorn, for appellant.
Anthony J. Griffin, for respondent.

BOOKSTAVER, J.  This was an action of claim and delivery to recover the possession of a Domestic Sewing Machine, No. 1,150,468, which the defendant had rented of the plaintiff, under the usual contract, with privilege of purchase upon paying the agreed value, in this case, $60.  The defendant paid $5 cash, and received a credit of $10 for an old machine, and thereafter the rent was to be $5 per month, and the defendant was to be allowed a discount of $10 additional if she elected to purchase and pay cash for the machine within 60 days.  The contract further provided that the title to the machine should remain with the plaintiff until the money agreed upon had been fully paid. On the trial it appeared that the first machine given to the defendant was not satisfactory, and another was given her, whereupon the number of the new machine was inserted in the contract in lieu of the old, as defendant claims, without her knowledge; and it was upon this ground chiefly that the justice based his judgment in defendant's favor.  While is is quite true that any material alteration of a written contract without the consent of both parties to it will avoid it, yet in this instance we do not think it was in the least material, as it only conformed the agreement to the facts, went but to the identity of the machine, and did not in any way change any of the terms of the contract.  The defendant herself distinctly testified that she did not look at the number as anything; and, even on the argument of the appeal in this case, the respondent admits as much, but claims that it was sufficient, in order to enable the defendant to offer proof varying the contract.  In this we think the counsel and the court below erred, and that the written contract, notwithstanding the erasure, should control the agreement between the parties.  Besides, the learned judge who tried the case, who was so uniformly careful in his decisions, evidently erred in regard to the amount tendered, and as to the amount which was to be tendered, for

his statement of these amounts differs from the testimony given by the defendant herself. The judgment should therefore be reversed, and a new trial in the court below ordered, with costs to the appellant to abide the event.